(40 South. 863.)

No. 16,013.

BOUCHEREAU v. GUILNE.

In re CHARLET.

(May 7, 1906. Rehearing Denied May 21, 1906.)

FENCES—LINE FENCE.

The owner of an uninclosed lot cannot be made to contribute to the expense of a line fence.

(Syllabus by the Court.)

Action by Alice Bouchereau against Theresa Guilne, wife of Leo P. Charlet. Judgment for plaintiff was affirmed by the Court of Appeal, and Theresa Charlet applies for certiorari or writ of review. Judgment set aside, and suit dismissed.

Albert Voorhies, for applicant. Henry L. Garland, Jr., for respondent.

PROVOSTY, J. The plaintiff has built a fence around her lot, and wishes to compel

her neighbor, whose lot is uninclosed, to pay one-half of that part of the fence along the dividing line of the two lots. Article 686 of the Civil Code, especially when read in connection with article 687,—the one providing for line fences in towns and cities, and the other for like fences in the country —would seem to lend some countenance to the claim. But it stands to reason that the owner of the uninclosed lot cannot be made to contribute to a separation fence for the exclusive benefit of the neighbor. The second paragraph of article 686 uses the expression "inclosures held in common," showing that the fence the first paragraph has reference to is an inclosing fence. The underlying principle of the joint liability for the expense of walls and fences held in common is the common need the neighbors have of them. In case one of the neighbors has no earthly need of a fence, he should not be made to pay one-half of its cost.

Judgment of the First city court and of the Court of Appeal set aside, and suit of plaintiff dismissed, at her cost.