October 23rd, 1911.

————o————

5310.

(Court of Appeal, Parish of Orleans.)

**HENRY J. MILLER vs. JOHN MISCHELER.**

The owner of an uninclosed lot cannot be made to contribute to the expense of a line fence. His liability arises only when he uses the fence and makes it supply a common need as an inclosure.

Appeal from the First City Court, Division "C."

Ed. P. Foley, for plaintiff and appellant.

J. V. & L. V. Guillotte, defendant and appellee.

GODCHAUX, J.—This case is submitted to the Court

en banc upon the following statements of facts:

Carrere, who owned two adjacent, vacant uninclosed lots in this city, sold one of them, Lot 8, to Miller, the plaintiff, who in 1908 erected a house thereon and enclosed it with a board fence, one side of which was located on the division line of the two lots.

Subsequently, in 1908, the second lot, 7, which was then still vacant and uninclosed, was sold by Carrere to the defendant, Mischeler, who immediately erected a house thereon and enclosed the property by a fence, making use of the dividing fence for that purpose. Plaintiff sues defendant for one-half the cost of the division fence, claiming that defendant is bound to thus contribute to the cost under the provision of R. C. C. Article 686. Defendant denies liability and claims that if any lability at all exists, it is that of his vendor, Carrere, who owned the property at the time the fence was built and from whom he purchased it free of all charges and upon the faith of official records which displayed no encumbrance upon the property. The judgment of the lower Court was in favor of defendant, dismissing the proceeding, and the plaintiff has appealed.

Upon these facts it is clear that plaintiff had and has no right to demand contribution of Carrere, the original owner, who neither enclosed Lot 7 nor made use of the line fence during the period of his ownership of that lot. The case of **Bouchereau vs. Guilne, 116 La. 534,** is conclusive upon that proposition, for it was there held that the owner of an uninclosed lot cannot be compelled by his neighbor to contribute to the expense of a line fence. The principle upon which that decision rests is that the liability of the neighbor to contribute arises only when the latter uses the fence and makes it supply a common need for an inclosure. The defendant, having made such use of the fence since his acquisition of Lot 7 from Carrere,

should be made to contribute to one-half the cost thereof, in accordance with the prayer of plaintiff's petition. The further demand to the effect that the judgment be decreed to be secured by a lien and privilege on defendant's property, must be rejected, for the law accords no lien and privilege in favor of the builder of a division fence.

The judgment is accordingly reversed and it is now adjudged and decreed that there be judgment in favor of plaintiff, Henry J. Miller, and against John Mischeler, defendant, for twenty-six dollars and fifty-five cents ($26.55), with legal interest from judicial demand, namely, February 27th, 1911, and for costs in both Courts.

Reversed.

October 23rd, 1911.

————o————

5377.

(Court of Appeal, Parish of Orleans.)