YARRUT, Judge.
Defendant appeals from a judgment in favor of Plaintiffs for one-half the cost of a wooden fence Plaintiffs erected on the dividing line between their lot and Defendant’s lot, on each of which a residence has been erected, designated by the Municipal Nos. 123 and 125 Ridgeway Drive, Metai-rie, Jefferson Parish.
Defendant contends he is not liable for any part of the cost because his lot is not entirely enclosed; or, in the alternative because Plaintiff could have erected a cheaper chain link fence instead of the wooden fence.
There is no issue of fact. The parties hereto are living in their respective homes. Defendant’s lot is enclosed on both sides and rear by division fences, including the fence at issue here. Only the front of Defendant’s residence on Ridgeway Drive remains unfenced.
When Plaintiffs unsuccessfully sought Defendant’s consent to the erection of a chain link fence, they built the wood fence in compliance with the Parish Building Code.
While the district judge did not allow the full fifty per .cent of cost to Plaintiffs, the latter have not answered the appeal; so, the only issue before us is whether Defendant is liable for the amount awarded.
Defendant’s primary contention is that his lot is not entirely enclosed, because it is open on Ridgeway Drive, for which reason he is not liable under the provisions of LSA-C.C. Arts. 686 and 687, reading:

Art. 686

“Every one has a right to compel his neighbor within the cities and towns, and their suburbs, of this State, to contribute to the making and repairing of the fences held in common, by which their houses, yards and gardens are separated, which shall be made in the manner in which is or may be prescribed by the regulations of the police on this subject.
“And if one of the proprietors has been alone at the expense of making the inclosures held in common, he may compel the other to make it in his turn, and the presumption shall be that the inclosure was made by him on whose side it is nailed, unless there exists a voucher or proof to the contrary.”

Art. 687

“In the country the common boundary inclosures between two estates are made at the expense of the adjacent estates, if the estates are inclosed; otherwise, the estate which is not inclosed is not bound to contribute to it.”
In support of his contention Defendant cites the cases of Bouchereau v. Guilne, 116 La. 534, 40 So. 863, and Miller v. Mischeler, 9 Orleans App. 29.
In the Bouchereau v. Guilne case, supra, the owner of an unenclosed lot was held not liable for contribution because his lot was vacant. The court stated that the underlying principle of joint liability for fences under LSA-C.C. Arts. 686 and 687, *563 is the common need of both owners; and in case one of the owners has no need of a fence, he should not be made to pay one-half of its cost.
In Miller v. Mischeler, supra, both parties bought their lots from the same vendor. Plaintiff bought his first, built his home and a fence dividing his and the-adjoining lot. Later defendant purchased the adjoining vacant lot from the same vendor and erected his home thereon. When plaintiff sued to recover from him half the • cost of the fence, he contended his vendor was liable, not he. The court held that defendant’s vendor was not liable because he had no use for the fence as his lot was vacant and not enclosed, but defendant was liable because he erected a residence thereon, thereby creating a common need for the dividing fence.
A fair and reasonable interpretation of LSA-C.C. Art. 686 is that it applies to urban and suburban residential sections, while LSA-C.C. Art. 687 applies to rural estates.
If Defendant’s contention is correct, then every home owner could force his neighbor to build division fences on both sides and in the rear and, by simply refraining from erecting a fence in front of his home, avoid his pro rata cost of the three dividing fences so erected by his neighbors.
The test clearly is whether or not the two adjoining lots have a common need for a division fence. Once residences are erected on each, a common use is created and liability under LSA-C.C. Arts. 686 and 687 ensues.
For the reasons assigned, the judgment of the district court is affirmed; costs in both courts to be paid by Defendant.
Affirmed.